IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
MERITT I. ANDERSON,            )
                               )    Civil No. 05-606-ST
        Petitioner,            )
                               )
    v.                         )
                               )
STATE OF OREGON,               )
                               )    FINDINGS AND RECOMMENDATION
        Respondent.            )
```

    Patrick J. Ehlers
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his underlying state conviction for Violation of a Court's Stalking Protective Order.  Because petitioner was not in custody at the time he filed this action, this case should be dismissed.

## DISCUSSION

On October 19, 2001, the Malheur County Circuit Court found petitioner guilty but for insanity of Violation of a Court's Stalking Protective Order.  Respondent's Exhibit 101.  The trial court ordered that petitioner be placed under the jurisdiction of the Psychiatric Security Review Board ("PSRB") for a maximum term of one year.  Id.  The PSRB ordered petitioner discharged on January 28, 2002.  Respondent's Exhibit 102.

The parties agree that petitioner is not presently incarcerated, but disagree over whether petitioner meets the habeas corpus requirement that he be "in custody." Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody." Garlotte v. Fordice, 515 U.S. 39, 43-44 (1995); Feldman v. Perrill, 902 F.2d 1445, 1446 (9th Cir. 1990); Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994).  A person who is subject to "restraints not shared by the public generally . . . [that] significantly confine and restrain his freedom" is considered to be "in custody." Jones v. Cunningham,

2 - FINDINGS AND RECOMMENDATION

371 U.S. 236, 243 (1963). The custody requirement must be satisfied at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Feldman, 902 F.2d at 1448.

Respondent argues that because petitioner did not file the current action until more than three years after his discharge by the PSRB, he did not suffer from the restraint of a conviction at the time he filed this case. Petitioner disagrees, pointing to the fact that he is currently restrained by a court order which prohibits him from having contact with his former wife. This, in turn, forbids him from shopping for his prescription medications at the Ontario Wal-Mart, his former wife's place of employment. See Anderson v. Attorney General for the State of Oregon, CV. 06-410-ST, Petition (docket #1), Att. 3.

Neither the Judgment in petitioner's case nor the PSRB's Order of Discharge provide for the restriction on petitioner's movement of which he complains. Instead, the current restraints on petitioner's liberty stem from the underlying protective order which is not at issue here. Because there is no evidence before the court that petitioner suffers from any restraints on his liberty arising directly from the conviction at issue in this case, he is not "in custody" for purposes of this habeas corpus case. Therefore, the Amended Petition should be dismissed.

///

///

3 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #25) should be DISMISSED with prejudice.

**SCHEDULING ORDER**

Objections to this Findings and Recommendation, if any, are due June 1, 2007. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>16th</u> day of May, 2007.

/s/ <u>  Janice M. Stewart           </u>
   Janice M. Stewart
   United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION